IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**ENTERED**

AUG 2 ~ 2003

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

DAVID PAYTON,

     Plaintiff,

v.                                   CIVIL ACTION NO. 3:03-0505

HUNTINGTON HERALD DISPATCH,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is plaintiff's motion to remand the above-entitled action to the West Virginia Human Rights Commission. For the reasons set forth below, the motion is **GRANTED**.

**I**

On October 30, 2001, plaintiff, David Peyton, filed a complaint with the West Virginia Human Rights Commission (hereinafter "WVHRC") against defendant, Huntington Herald Dispatch, alleging that he was wrongfully discharged from his employment in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-9. Specifically, the plaintiff alleged that he was discharged because of his age (57) and his disability (necrosis of cartilage and scar tissue of hip joint). On December 4, 2001, in a written response to the WVHRC called a "Position Statement," the defendant denied plaintiff's allegations and alleged that it had terminated the plaintiff because he had violated its policy on internet use, which, in part, strictly prohibited the accessing of any pornographic material. On January 24, 2002, the plaintiff replied to the

1

defendant's "Position Statement," alleging that the defendant's reliance on its internet policy did not justify discharge and was a pretext for unlawful discrimination.

After conducting a full and impartial investigation, the WVHRC concluded, on August 16, 2002, that there was probable cause to believe that the defendant had engaged in unlawful discrimination or otherwise violated the West Virginia Human Rights Act.  On September 3, 2002, the WVHRC directed the defendant to file a formal verified answer to the complaint.  The answer was filed on September 16, 2002.  Thereafter, the parties engaged in discovery, which included the taking of plaintiff's deposition on May 5, 2003.

On June 6, 2003, the defendant removed this action to federal court, asserting that removal was appropriate under 28 U.S.C. § 1446 because the court had original jurisdiction pursuant to 28 U.S.C. § 1331, in that the action arose under certain laws of the United States set forth in the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*

On July 2, 2003, the plaintiff moved to remand the pending action to the WVHRC, asserting that (1) the Notice of Removal was untimely, (2) removal was improper because the WVHRC is not a state court, and (3) this Court lacks subject matter jurisdiction.  On July 15, 2003, the WVHRC filed a motion to intervene as well as a memorandum of law in support of plaintiff's motion to remand.  On July 18, 2003, the defendant filed a response.  To date, the plaintiff has not filed a reply, and the time for doing so has now expired.  Accordingly, the matter is now ripe for a resolution.

## II

Starting with the procedural ground for remand, the plaintiff asserts that if, as the defendant asserts in its removal notice, his claims might be removable under ERISA, then his

2

verified complaint with the WVHRC provided sufficient notice to the defendant to file its

removal petition in November of 2001. As defendant did not file its notice of removal until June

4, 2003, the notice of removal is untimely, and this matter should be remanded to the WVHRC.

The defendant, on the other hand, makes the following argument:

> It is important to analyze the Commission's processing of this case. When Mr. Peyton informed the Commission he believed his discharge had been motivated by a desire to deprive him of pension and employee welfare benefits (See Exhibit 1 to Memorandum in Support of Motion to Remand, forwarded by counsel to the Commission on October 16, 2001), that information was **not provided to the Huntington Herald-Dispatch**. The "Employment Information Background Form" is an internal "intake" document used by the Commission to assess the facts of the complaint's case. That form - clearly and unequivocally - stated that Mr. Peyton was claiming his discharge was motivated by his employer's desire to ". . . avoid paying my . . . pension and health benefits . . . ." (Id., pg. 4). No such claim could exist in the absence of the defendant's ERISA regulated pension and welfare benefits plan. Peyton's claims therefore relate directly to the defendant's ERISA obligations. The actions which Peyton alleges were motivated by the defendant's intent to deprive him of benefits constitute a violation of 29 U.S.C. [§] 1140, and **not the W.Va. Human Rights Act.**[1] Knowing full well that Mr. Peyton's claim were federal in nature, the Commission nevertheless retained jurisdiction and continued to process the charge.
>
> At no point prior to May 5 did Mr. Peyton take any action inconsistent with developing claims limited to age and disability discrimination. On May 5, however, Mr. Peyton revealed that despite discovery, he had no evidence supporting any age or disability discrimination claim for which he could seek redress under state law. Instead, he testified that the essence of his case was a violation of 29 U.S.C. [§] 1140. It was at that moment the Huntington Herald-Dispatch was put on notice of the federal claim, and it was at that moment the removal period began to run. The case was removed within 30 days after that revelation, and the removal is therefore timely.

(Def.['s] Mem. Opp'n P.['s] Mot. Remand at 8-9 (footnote and emphasis in original).)

On November 16, 2001, the WVHRC served the defendant with a "Notice of

---

[1]Interestingly, the argument made by Mr. Peyton that removal is not timely precludes any argument that he is not asserting an ERISA claim. By contending the Huntington Herald-Dispatch was on notice of his federal claims, he cannot be heard to argue he does not assert them.

3

Discrimination Complaint" and a copy of the verified complaint.  The body of the complaint

contains the following pertinent information:

II.    I have been discriminated against due to my Age, 57, and my Disabilities, Necrosis of Cartilage and Scar Tissue of Hip Joint, and any other disabilities, whether actual or perceived, in that:

    A.    Respondent had employed me since 1968 and as a Columnist since 1986.

    B.    The Respondent is aware of my age and health problems.

    C.    Respondent believed that the combination of my age and my health will result in additional health costs and therefore, they terminated me from my position of employment in order to avoid payment of my salary, pension and healthcare benefits.

    D.    I had an excellent work record and my disability did not interfere with my ability to perform the essential tasks associated with my position of employment.

    E.    I have been discriminated against due to my Age and my Disability.

(Notice Removal Ex. A WVHRC Compl. ¶ 2.)

        After reviewing subparagraph C of paragraph II of the WVHRC complaint, the Court

finds that the complaint contains adequate notice of a possible federal claim, given defendant's

admission that the statement in the "Employment Information Background Form" was adequate

notice of a federal claim.  As the complaint was served on November 16, 2001, and as the

pending action was not removed to federal court until June 4, 2003, the Court further finds that

the defendant did not timely removed this action from the WVHRC pursuant to 28 U.S.C.

1446(b).  Consequently, plaintiff's motion to remand is granted.

4

## III

Based on the foregoing, it is hereby **ORDERED** that this case be, and is, **REMANDED** to the West Virginia Human Rights Commission.   All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to all counsel of record.

ENTER:

_____
ROBERT J. STAKER
Senior United States District Judge